**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 4/28/2025

☒ Pro Se    ☐ Retained    ☐ CJA    ☐ FPD    USA or other
☐ Federal Agency
(Appeal Fee Exempt)

Case No: 23-cv-1574-CNS-MDB

☐ Amended Notice of Appeal
☐ Other pending appeals
☐ Transferred Successive
  §2254 or §2255
☐ Supplemental Record

Date Filed: 4/26/2025

Appellant:  Corey Curtis Forbes

Pro Se Appellant:
  ☐ IFP forms mailed/given       ☐ Motion IFP pending       ☐ Appeal fee paid
                                  ☐ IFP denied               ☒ Appeal fee not paid

Retained Counsel:
  ☐ Appeal fee paid      ☐ Appeal fee not paid      ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:   s/ S. Phillips,
      Deputy Clerk

Rev. 8/17/2017

cc:    Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

cc:    Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

ALLMTN,FEDAPP,JD4,MJ CIV PP,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−01574−CNS−MDB</u>

Forbes v. Best Buy Co., Inc.                    Date Filed: 06/21/2023
Assigned to: Judge Charlotte N. Sweeney          Date Terminated: 03/28/2025
Referred to: Magistrate Judge Maritza Dominguez Braswell    Jury Demand: Plaintiff
Demand: $3,875,000                               Nature of Suit: 442 Civil Rights: Jobs
Cause: 42:1983 Civil Rights (Employment Discrimination)    Jurisdiction: Federal Question

**Plaintiff**

**Corey Curtis Forbes**                represented by  **Corey Curtis Forbes**
*[Pro Se E−Filer, effective 6/26/2023]*              Corey Curtis Forbes
                                                     6205 Laurel Grass Range Trail
                                                     Colorado Springs, CO 80925
                                                     719−271−2959
                                                     Email: <u>cdforbes62@gmail.com</u>
                                                     PRO SE


V.

**Defendant**

**Best Buy Co., Inc.**                 represented by  **Marielle Alecia Moore**
                                                     Ogletree Deakins
                                                     2000 South Colorado Boulevard
                                                     Tower Three
                                                     Suite 900
                                                     Denver, CO 80222
                                                     303−764−6800
                                                     Email: <u>marielle.moore@ogletreedeakins.com</u>
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2023 | 1 | Employment Discrimination COMPLAINT against Best Buy Co., Inc. Filing Fee: $402.00Receipt Number:107362, filed by Corey Curtis Forbes. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Notice of Right to Sue and Exhaustion of Administrative Remedies)(norlin, ) (Entered: 06/21/2023) |
| 06/21/2023 | 2 | Case assigned to Magistrate Judge N. Reid Neureiter. Text Only Entry (norlin, ) (Entered: 06/21/2023) |
| 06/21/2023 | 3 | CASE REASSIGNED. This case was originally assigned incorrectly and has therefore been randomly reassigned to Magistrate Judge Dominguez Braswell All future pleadings should be designated as 23−cv−01574−MDB. (Text only entry.) (norlin, ) (Entered: 06/21/2023) |
| 06/21/2023 | 4 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. Consent Form Mailed to Pro |

| | | Se Litigant via USPS. (norlin, ) (Entered: 06/21/2023) |
|---|---|---|
| 07/12/2023 | 5 | MINUTE ORDER: The Clerk of Court is directed to issue a summons on Plaintiff's behalf. By Magistrate Judge Maritza Dominguez Braswell on 7/12/2023. Text Only Entry (mdblc1) (Entered: 07/12/2023) |
| 07/12/2023 | 6 | SUMMONS issued by Clerk. (cmadr, ) (Entered: 07/12/2023) |
| 08/03/2023 | 7 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Corey Curtis Forbes. Plaintiff consents. (Forbes, Corey) Modified to correct text on 8/3/2023 (jtorr, ). (Entered: 08/03/2023) |
| 08/03/2023 | 8 | SUMMONS Returned Executed by Corey Curtis Forbes. Best Buy Co., Inc. served on 8/3/2023, answer due 8/24/2023. (Forbes, Corey) (Entered: 08/03/2023) |
| 08/07/2023 | 9 | MINUTE ORDER: A Pre−Scheduling Conference is **SET for August 29, 2023, at 10:00 AM** before Magistrate Judge Maritza Dominguez Braswell. The Conference will be conducted by video feed using the attached instructions. By Magistrate Judge Maritza Dominguez Braswell on 8/7/2023. Text Only Entry (mdblc1) (Entered: 08/07/2023) |
| 08/09/2023 | 10 | MINUTE ORDER: The Pre−Scheduling Conference is **RESET in time only to August 29, 2023, at 11:00 AM**. By Magistrate Judge Maritza Dominguez Braswell on 8/9/2023. Text Only Entry (mdblc1) (Entered: 08/09/2023) |
| 08/14/2023 | 11 | NOTICE of Entry of Appearance by Marielle Alecia Moore on behalf of Best Buy Co., Inc.Attorney Marielle Alecia Moore added to party Best Buy Co., Inc.(pty:dft) (Moore, Marielle) (Entered: 08/14/2023) |
| 08/24/2023 | 12 | MOTION to Dismiss *and*, MOTION to Compel *Arbitration* by Defendant Best Buy Co., Inc.. (Attachments: # 1 Exhibit A − Decl. of Kelly Berkness (with Exs. 1−8))(Moore, Marielle) (Entered: 08/24/2023) |
| 08/24/2023 | 13 | CORPORATE DISCLOSURE STATEMENT. (Moore, Marielle) (Entered: 08/24/2023) |
| 08/28/2023 | 14 | RESPONSE to 12 MOTION to Dismiss *and* MOTION to Compel *Arbitration* filed by Plaintiff Corey Curtis Forbes. (Forbes, Corey) (Entered: 08/28/2023) |
| 08/29/2023 | 16 | COURTROOM MINUTES for Pre−Scheduling Conference held on 8/29/2023 before Magistrate Judge Maritza Dominguez Braswell: Jointly filed Consent form due on or before 9/4/2023. FTR: Courtroom 101. (evaug) (Entered: 09/01/2023) |
| 09/01/2023 | 15 | CONSENT to Jurisdiction of Magistrate Judge by Defendant Best Buy Co., Inc. All parties do not consent.. (Moore, Marielle) (Entered: 09/01/2023) |
| 09/01/2023 | 17 | CERTIFICATE of Service by U.S. Mail by Clerk of Court of 16 Courtroom Minutes Scheduling Conference to Corey Forbes at 6205 Laurel Grass Range Trail, Colorado Springs, CO 80925. Text Only Entry (evaug) (Entered: 09/01/2023) |
| 09/01/2023 | 18 | CASE REASSIGNED Pursuant to 15 CONSENT to Jurisdiction of Magistrate Judge. All parties do not consent. This case is randomly reassigned to Judge Charlotte N. Sweeney and Drawn to Magistrate Judge Maritza Dominguez Braswell for All Further Proceedings. All future pleadings should be designated as 23−cv−01574−MDB. (Text Only Entry) (jcharl, ) (Entered: 09/01/2023) |
| 09/05/2023 | 19 | |

| | | |
|---|---|---|
| | | ORDER REFERRING CASE to Magistrate Judge Maritza Dominguez Braswell for **all motions**. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of Local Civ. R. 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, (4) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions, and (5) pursuant to Local Civ. R. 16.6 and at the discretion of the Magistrate Judge, convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. 12 Motion to Dismiss referred to Magistrate Judge Maritza Dominguez Braswell By Judge Charlotte N. Sweeney on 9/5/23. Text Only Entry (jdyne) (Entered: 09/05/2023) |
| 09/11/2023 | 20 | NOTICE re 12 MOTION to Dismiss *and* MOTION to Compel *Arbitration* by Defendant Best Buy Co., Inc. (Moore, Marielle) (Entered: 09/11/2023) |
| 09/12/2023 | 21 | MINUTE ORDER: In light of 20 Defendants Notice of Withdrawal of Motion to Dismiss and Compel Arbitration, 12 Defendants Motion to Dismiss and Compel Arbitration is **terminated**. By Magistrate Judge Maritza Dominguez Braswell on 09/12/2023. Text Only Entry(mdblc4,) (Entered: 09/12/2023) |
| 09/12/2023 | 22 | ORDER SETTING INITIAL CASE DEADLINES. Proposed Scheduling Order due 10/4/2023. By Magistrate Judge Maritza Dominguez Braswell on 9/12/2023. (evaug) (Entered: 09/12/2023) |
| 09/26/2023 | 23 | ANSWER to 1 Complaint, by Best Buy Co., Inc..(Moore, Marielle) (Entered: 09/26/2023) |
| 10/04/2023 | 24 | Proposed Scheduling Order by Defendant Best Buy Co., Inc.. (Moore, Marielle) (Entered: 10/04/2023) |
| 10/10/2023 | 25 | MINUTE ORDER: Having reviewed the parties' 24 Proposed Scheduling Order, the Court has determined that a Scheduling Conference is necessary. Accordingly, a Scheduling Conference is **SET for October 17, 2023 at 11:30 AM** before Magistrate Judge Dominguez Braswell. The hearing will be conducted by video using the attached instructions. By Magistrate Judge Maritza Dominguez Braswell on 10/10/2023. Text Only Entry (mdblc4,) (Entered: 10/10/2023) |
| 10/11/2023 | 26 | MINUTE ORDER: Due to an unexpected conflict with the Court's calendar, the Scheduling Conference is **RESET to October 17, 2023 at 12:00 PM** before Magistrate Judge Maritza Dominguez Braswell. The Conference will be conducted by video using the attached instructions. By Magistrate Judge Maritza Dominguez Braswell on 10/11/2023. Text Only Entry (mdblc4,) (Entered: 10/11/2023) |
| 10/17/2023 | 27 | COURTROOM MINUTES for proceedings held before Magistrate Judge Maritza Dominguez Braswell: Scheduling Conference held on 10/17/2023. Scheduling Order enters with modifications. FTR: Courtroom 101. (evaug ) (Entered: 10/18/2023) |
| 10/17/2023 | 28 | SCHEDULING ORDER: Discovery due by 5/20/2024. Dispositive Motions due by 6/20/2024. By Magistrate Judge Maritza Dominguez Braswell on 10/17/2023. (evaug) (Entered: 10/18/2023) |

| 10/19/2023 | 29 | MINUTE ORDER: A Final Pretrial Conference is set for 10/16/2024 at 9:00 AM in Courtroom A 702 before Judge Charlotte N. Sweeney. The parties' Proposed Final Pretrial Order is due by 10/9/2024. In addition to filing, please email the proposed order in editable format to Sweeney_Chambers@cod.uscourts.gov. By Judge Charlotte N. Sweeney on 10/19/2023. Text Only Entry (cnsja. ) (Entered: 10/19/2023) |
|---|---|---|
| 06/03/2024 | 30 | Joint STATUS REPORT *Regarding Settlement* by Defendant Best Buy Co., Inc.. (Moore, Marielle) (Entered: 06/03/2024) |
| 06/20/2024 | 31 | MOTION for Summary Judgment by Defendant Best Buy Co., Inc.. (Attachments: # 1 Exhibit 1 – Deposition of Corey Forbes, # 2 Exhibit 2 – Offer Letter, # 3 Exhibit 3 – Attendance Policy, # 4 Exhibit 4 – Pay Stub, # 5 Exhibit 5 – Dec. 2, 2021 Email, # 6 Exhibit 6 – Dec. 7, 2021 Email, # 7 Exhibit 7 – Test Results, # 8 Exhibit 8 – Dec. 11, 2021 Email COVID Test, # 9 Exhibit 9 – Pay Stub, # 10 Exhibit 10 – Text Messages, # 11 Exhibit 11 – Schedule, # 12 Exhibit 12 – Defendant's First Set of Discovery Requests to Plaintiff, # 13 Exhibit 13 – Plaintiff's Answers to Discovery, # 14 Exhibit 14 – Texts Messages, # 15 Exhibit 15 – Employee Relations Case, # 16 Exhibit 16 – Termination Review Request, # 17 Exhibit 17 – Termination Response, # 18 Affidavit Declaration of Jennifer Hazelton, # 19 Affidavit Declaration of Laura Flint)(Moore, Marielle) (Entered: 06/20/2024) |
| 06/20/2024 | 32 | MEMORANDUM regarding 31 MOTION for Summary Judgment. Motion 31 is referred to Magistrate Judge Maritza Dominguez Braswell, by Judge Charlotte N. Sweeney on 6/20/2024. Text Only Entry (cnsja, ) (Entered: 06/20/2024) |
| 06/20/2024 | 33 | First MOTION for Judgment on Partial Findings , First MOTION for Judgment as a Matter of Law by Plaintiff Corey Curtis Forbes. (Attachments: # 1 Continuation of Main Document)(Forbes, Corey) (Entered: 06/20/2024) |
| 06/21/2024 | 34 | MEMORANDUM regarding 33 Plaintiff's Motion for Summary Judgment. Motion 33 is referred to Magistrate Judge Maritza Dominguez Braswell, by Judge Charlotte N. Sweeney on 6/20/2024. Text Only Entry (cnsja, ) (Entered: 06/21/2024) |
| 06/25/2024 | 35 | MOTION for Summary Judgment by Plaintiff Corey Curtis Forbes. (Attachments: # 1 Continuation of Main Document MEMORANDUM, # 2 Exhibit ER Sep 2021 case, # 3 Exhibit ER Sep 2021 case, # 4 Exhibit ER Sep 2021 case, # 5 Exhibit 9/24/20201 daily schedule, # 6 Exhibit BB email regarding request fro covid19 kit, # 7 Exhibit TLC punches, # 8 Exhibit BB coaching corrective actio, # 9 Exhibit Everlywell email dtd 12/3/2021, # 10 Exhibit Everlywell email 12/8/2021, # 11 Exhibit ER case December 2021, # 12 Exhibit Earnings statement thru 11/27/2021, # 13 Exhibit Earnings Statement thru 12/11/2021, # 14 Exhibit BB Leadership Schedule for 5/16/2021–5/22/2021, # 15 Exhibit BB Leadership schedule for 8/29/2021–9/4/2021, # 16 Exhibit Letter from BB stating accrued PTO as of 11/16/2021)(Forbes, Corey) (Entered: 06/25/2024) |
| 06/26/2024 | 36 | MEMORANDUM regarding 35 Motion for Summary Judgment filed by Corey Curtis Forbes. Motion 35 is referred to Magistrate Judge Maritza Dominguez Braswell, by Judge Charlotte N. Sweeney on 6/26/2024. Text Only Entry (cnsja, ) (Entered: 06/26/2024) |
| 07/02/2024 | 37 | RESPONSE to 31 MOTION for Summary Judgment filed by Plaintiff Corey Curtis Forbes. (Attachments: # 1 Exhibit 9/17/21 HR Case, # 2 Exhibit weekly schedule, # 3 Exhibit weekly schedule, # 4 Exhibit TLC Picture, # 5 Exhibit pay statement 12/17/21, # 6 Exhibit pay statement 12/30/21, # 7 Exhibit pay statement 12/03/21, # 8 Exhibit 11/29/21 test message, # 9 Exhibit 12/2/21 email, # 10 Exhibit 12/7/21 email, # 11 |

4

| | | Exhibit 12/11/21 email, # 12 Exhibit 12/15/21 text message, # 13 Exhibit two weeks of defendant's exhibit 11, # 14 Exhibit two weeks of defendant's exhibit 11, # 15 Exhibit signed statement, # 16 Exhibit 12/21/21 text message)(Forbes, Corey) (Entered: 07/02/2024) |
|---|---|---|
| 07/11/2024 | 38 | RESPONSE to 35 MOTION for Summary Judgment filed by Defendant Best Buy Co., Inc.. (Attachments: # 1 Exhibit 1 – Dep. of Corey Curtis Forbes, # 2 Exhibit 4 – Paystub (CCF00007), # 3 Exhibit 7 – Everlywell Notification (CCF00016), # 4 Exhibit 9 – Paystub (BB 000777), # 5 Exhibit 10 – Text Messages between Plaintiff and Anthony Rugg, # 6 Exhibit 11 – December 2021 Schedule (BB 000998), # 7 Exhibit 15 – Employee Relations Case (BB 000004–BB 000007), # 8 Exhibit 18 – Employee Relations Case (BB 000884–BB 000889), # 9 Exhibit 19 – CNN.COM, CDC shortens recommended Covid–19 isolation and quarantine time, # 10 Declaration of Jennifer Hazelton, # 11 Declaration of Laura Flint)(Moore, Marielle) (Entered: 07/11/2024) |
| 07/12/2024 | 39 | MOTION for Extension of Time to File Response/Reply as to 31 MOTION for Summary Judgment by Defendant Best Buy Co., Inc.. (Moore, Marielle) (Entered: 07/12/2024) |
| 07/15/2024 | 40 | ORDER granting 39 Motion for Extension of Time to File Reply as to 31 Motion for Summary Judgment. The Defendant's reply in support of its Motion for Summary Judgment 39 is now due on or before 7/25/2024. By Judge Charlotte N. Sweeney on 7/15/2024. Text Only Entry(cnsja, ) (Entered: 07/15/2024) |
| 07/25/2024 | 41 | REPLY to Response to 31 MOTION for Summary Judgment filed by Defendant Best Buy Co., Inc.. (Attachments: # 1 Exhibit Exhibit 1 – Deposition Transcript, # 2 Exhibit Exhibit 4 – Earnings Statement, # 3 Exhibit Exhibit 5 – 12/2/2021 Email, # 4 Exhibit Exhibit 6 – 12/7/2021 Email, # 5 Exhibit Exhibit 8 –12/11/2021 Email/Text, # 6 Exhibit Exhibit 9 – Earnings Statement, # 7 Exhibit Exhibit 10 – 11/29/2021 Text, # 8 Exhibit Exhibit 11 – December Schedule, # 9 Exhibit Exhibit 15 – ER Case, # 10 Exhibit Exhibit 16 – Termination Review, # 11 Exhibit Exhibit 19 – CNN Article, # 12 Exhibit Exhibit 20 – Earnings Statement, # 13 Affidavit Declaration of Jennifer Hazelton)(Moore, Marielle) (Entered: 07/25/2024) |
| 07/25/2024 | 42 | REPLY to Response to 35 MOTION for Summary Judgment filed by Plaintiff Corey Curtis Forbes. (Attachments: # 1 Exhibit 11/29/21 text mssg, # 2 Exhibit 12/11/21 email, # 3 Exhibit declaration, # 4 Exhibit text mssgs, # 5 Exhibit deposition, # 6 Exhibit ER case, # 7 Exhibit 12/2/21 email, # 8 Exhibit 12/7/21 email, # 9 Exhibit pay stubb 12/17/21, # 10 Exhibit pay stubb 12/30/21, # 11 Exhibit Er case September 2021, # 12 Exhibit pay stub for Sep 2021, # 13 Exhibit TLC Picture, # 14 Exhibit emails from crisis ops)(Forbes, Corey) (Entered: 07/25/2024) |
| 08/27/2024 | 43 | MINUTE ORDER: The Final Pretrial Conference set for 10/16/2024 is VACATED and RESET for 12/11/2024 at 1:30 pm in Courtroom A 702 before Judge Charlotte N. Sweeney. The parties' Proposed Final Pretrial Order is now due by 12/4/2024. In addition to filing, the parties are directed to email the proposed order in editable format to Sweeney_Chambers@cod.uscourts.gov. By Judge Charlotte N. Sweeney on 8/27/2024. Text Only Entry (cnsja, ) (Entered: 08/27/2024) |
| 11/05/2024 | 44 | MOTION to Continue *Final Pretrial Conference and Related Deadline* by Defendant Best Buy Co., Inc.. (Moore, Marielle) (Entered: 11/05/2024) |
| 11/06/2024 | 45 | ORDER granting 44 MOTION to Continue Final Pretrial Conference and Related Deadline. The Final Pretrial Conference set for 12/11/2024 is vacated and reset for |

| | | |
|---|---|---|
| | | 2/12/2025 at 1:30 pm in Courtroom A 702 before Judge Charlotte N. Sweeney. The parties' Proposed Final Pretrial Order is due by 2/5/2025. In addition to filing, the parties are directed to email the proposed order in editable format to Sweeney_Chambers@cod.uscourts.gov. By Judge Charlotte N. Sweeney on 11/6/2024. Text Only Entry(cnsja, ) (Entered: 11/06/2024) |
| 01/21/2025 | 46 | MOTION to Continue *Final Pretrial Conference and Pretrial Order Deadline* by Defendant Best Buy Co., Inc.. (Moore, Marielle) (Entered: 01/21/2025) |
| 01/21/2025 | 47 | ORDER granting 46 Motion to Continue Final Pretrial Conference and Pretrial Order Deadline. The Final Pretrial Conference set for 2/12/2025 is VACATED and RESET for 4/9/2025 at 10:00 AM in Courtroom A 702 before Judge Charlotte N. Sweeney. The parties' Proposed Final Pretrial Order is now due by 4/2/2025. In addition to filing, the parties are directed to email the proposed order in editable format to Sweeney_Chambers@cod.uscourts.gov. By Judge Charlotte N. Sweeney on 1/21/2025. Text Only Entry(cnsja, ) (Entered: 01/21/2025) |
| 02/26/2025 | 48 | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE. The Court respectfully RECOMMENDS that Defendant's Motion for Summary Judgment (Doc. No. 31 ) be GRANTED, and as such, Plaintiff's Motion for Summary Judgment (Doc. No. 35 ) should be DENIED as MOOT. Additionally, because Plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 33 ) was superseded by Plaintiff's Motion for Summary Judgment, it too should be DENIED as MOOT. The Court further RECOMMENDS that the case be DISMISSED. By Magistrate Judge Maritza Dominguez Braswell on 2/26/2025. (amona,) (Entered: 02/26/2025) |
| 03/11/2025 | 49 | OBJECTION to 48 Report and Recommendations filed by Plaintiff Corey Curtis Forbes. (Forbes, Corey) (Entered: 03/11/2025) |
| 03/24/2025 | 50 | Unopposed MOTION to Continue *Final Pretrial Conference and Pretrial Order Deadline (Third)* by Defendant Best Buy Co., Inc.. (Moore, Marielle) (Entered: 03/24/2025) |
| 03/25/2025 | 51 | RESPONSE to Objection to 48 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re 33 First MOTION for Judgment on Partial Findings First MOTION for Judgment as a Matter of Law filed by Corey Curtis Forbes, 31 MOTION for Summary Judgment filed by B filed by Defendant Best Buy Co., Inc.. (Moore, Marielle) (Entered: 03/25/2025) |
| 03/28/2025 | 52 | ORDER affirming and adopting 48 Magistrate Judge Dominguez Braswell's Recommendation; granting 31 Defendant's Motion for Summary Judgment; denying as moot 33 Plaintiff's Motion for Judgment as a Matter of Law; denying as moot; denying as moot 35 Plaintiff's Motion for Summary Judgment; denying as moot 50 Defendant's Unopposed Motion for Continuance of Final Pretrial Conference. By Judge Charlotte N. Sweeney on 3/28/25.(jdyne, ) (Entered: 03/28/2025) |
| 03/28/2025 | 53 | FINAL JUDGMENT: 48 Recommendation of United States Magistrate Maritza Dominguez Braswell is AFFIRMED and ADOPTED; 31 Defendants' Motion for Summary Judgment is GRANTED; all claims are DISMISSED. By Clerk on 3/28/25. (jdyne, ) (Entered: 03/28/2025) |
| 04/26/2025 | 54 | NOTICE OF APPEAL as to 52 Order on Report and Recommendations,, Order on Motion to Continue,, Order on Motion for Summary Judgment,, Order on Motion for Judgment on Partial Findings,, Order on Motion for Judgment as a Matter of Law,,, 48 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re 33 First |

6

MOTION for Judgment on Partial Findings First MOTION for Judgment as a Matter of Law filed by Corey Curtis Forbes, 31 MOTION for Summary Judgment filed by B, 53 Judgment by Plaintiff Corey Curtis Forbes (Forbes, Corey) Modified on 4/28/2025 to edit title. (sphil, ). (Entered: 04/26/2025)

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-01574-CNS-MDB

COREY CURTIS FORBES,

      Plaintiff,

v.

 BEST BUY CO., INC.,

      Defendant.

---

## ORDER

---

Plaintiff Corey Forbes objects to United States Magistrate Judge Maritza Dominguez Braswell's Recommendation to grant Defendant Best Buy's motion for summary judgment. ECF No. 48 (Recommendation); ECF No. 49 (Objection).[1] The Court has analyzed Plaintiff's objections, and upon de novo review of the Recommendation, finds that the objections do not warrant modification or rejection of the Recommendation. Accordingly, the Court overrules Plaintiff's objections and affirms Magistrate Judge Dominguez Braswell's Recommendation as an order of this Court. Best Buy's motion for summary judgment is granted.

---

[1] Defendant responded to Plaintiff's objection. *See* ECF No. 51.

1

## I.   SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge Dominguez Braswell recommends that this Court grant Best Buy's motion for summary judgment and dismiss your case. She determined that the record does not support a claim under either the Colorado Healthy Families and Workplaces Act or Colorado's Public Health Emergency Whistleblower Law because, even though you testified that you were sick between December 20–22, 2021, there is no evidence that you (a) communicated that information to Best Buy, (b) were approved to take sick leave when you were scheduled to work between December 20–22, 2021, (c) were retaliated against for taking sick leave, or (d) were retaliated against for raising any concerns about health or safety in the workplace. Without such evidence, Defendant is entitled to summary judgment.

You filed an objection to that Recommendation, essentially disagreeing with the facts Magistrate Judge Dominguez Braswell considered in reaching her determinations. After analyzing the arguments raised in your objection and performing a de novo review of the findings you challenge, the Court is overruling your objections and affirming Magistrate Judge Dominguez Braswell's Recommendation. The Court will explain why it is doing so further below, including a discussion of the legal authority that supports this conclusion.

## II.   BACKGROUND

### A.  General Background

Plaintiff is a former Best Buy employee. ECF No. 31, ¶ 2. In November 2021, Plaintiff took two weeks of paid time off (PTO), from November 14–27, 2025. *Id.*, ¶ 15;

2

9

ECF No. 31-1 (Forbes Dep.) at 66:18–20. Plaintiff reportedly began feeling sick around November 25, 2021, near the end of his PTO. ECF No. 31, ¶ 16. Consistent with Best Buy's sick leave policy, Plaintiff took and failed an online health screening questionnaire, and he soon received a COVID-19 testing kit from Everlywell, Best Buy's COVID-19 testing partner. *Id.*, ¶¶ 11, 17–18.

Plaintiff tested positive for COVID-19 on December 8, 2021. *Id.*, ¶¶ 22–23. Plaintiff received 80.08 hours of COVID-19 testing and sick pay, per Best Buy's policy.[2] *Id.*, ¶¶ 20, 24–25. Best Buy told Plaintiff that the earliest he could end isolation and return to work was 10 days after he tested positive, and because he tested positive on December 8, 2021, the earliest he could return to work was December 18, 2021. *Id.*, at ¶ 24.

### B. Plaintiff's Absences and Termination of Employment

Plaintiff argues that he was not scheduled to work from December 20–22, 2021, and was instead on approved sick leave and/or PTO during that time. ECF No. 37 at 5–7; ECF No. 35-1, ¶¶ 5–7, ECF No. 42, ¶ 6. Magistrate Judge Dominguez Braswell, however, correctly determined that the record does not support that assertion.

On December 14, 2021, Plaintiff's supervisor, Anthony Rugg, texted Plaintiff to inquire when Plaintiff would be returning to work. ECF No. 31-10 at 2. Mr. Rugg stated that Plaintiff could return to work once he was clear of symptoms, but he could also take more time off if needed. *Id.* at 3. Plaintiff responded the next day, indicating he would be clear of symptoms "this coming Monday," referring to December 20, 2021. *Id.* at 4. Mr.

---

[2] Best Buy employees who received a COVID-19 testing kit were given 40.04 hours of testing pay. Upon testing positive, employees were given an additional 40.04 hours of sick pay. ECF No. 31, ¶¶ 11–12.

3

Rugg therefore scheduled Plaintiff to work on December 20, 2021. *See* ECF No. 31-11 (December 2021 work schedule). Plaintiff could access his work schedule through Best Buy's online employee portal, and he would also receive text messages from his supervisors telling him when to report to work. ECF No. 31, ¶¶ 30–31. Plaintiff did not report to work on December 20, 2021—which was 25 days after his symptoms began and 12 days after he administered the positive COVID-19 test—nor did he inform Mr. Rugg that he would be absent. *Id.*, ¶¶ 33–35.

Plaintiff was also scheduled to work December 21, 2021, and he similarly did not report to work or inform Mr. Rugg that he would be absent. *Id.*, ¶¶ 36–39; ECF No. 31-11. When Mr. Rugg texted Plaintiff later that day, Plaintiff indicated he would report to work the next day—December 22, 2021. ECF No. 31-10 at 4. However, Plaintiff once again did not report to work or inform Mr. Rugg that he would be absent. ECF No. 31, ¶¶ 43–45. Instead, Plaintiff texted Mr. Rugg after his shift and informed him that he did not report to work because he learned that he had an outstanding arrest warrant for unpaid traffic tickets, so he drove to Sterling, Colorado, to take care of the warrant. ECF No. 31-10 at 5. Over the course of these three days, Plaintiff never indicated that COVID-19 or any other illness was the reason for his absence from work. ECF No. 31, ¶¶ 35, 39, 45.

Relying on its job abandonment policy, Best Buy terminated Plaintiff on December 22, 2021.[3] *Id.*, ¶ 54. Plaintiff sought review of his termination through Best Buy's

---

[3] Best Buy's attendance policy provides that an employee will be terminated for job abandonment if the "employee fails to follow the notification process and does not show up for 3 consecutive scheduled shifts." The notification process requires that, "[i]f an employee is unable to report to work for his/her shift and/or is unable to report to work on time for his/her shift, the employee must notify management at least one (1) hour prior to the start of the scheduled shift." ECF No. 31, ¶¶ 8–9; ECF No. 31-3.

4

11

termination review process, stating that "I had to miss coming in the morning because when I was sick I had Court and could not make it to[] court for my speeding tickets due to Covid. I had a warrant to clear and needed to take care of that." *Id*., ¶¶ 55–57. Best Buy upheld the decision to terminate Plaintiff. *Id*., ¶ 58.

### C. Procedural History

Plaintiff initiated this action on June 21, 2023, alleging that Best Buy fired him in retaliation for using paid sick leave. ECF No. 1 at 5. Plaintiff brings his claims under the Colorado Healthy Families and Workplaces Act (HFWA), Colo. Rev. Stat. § 8-13.3-401 *et seq*., and Colorado's Public Health Emergency Whistleblower Law (PHEW), Colo. Rev. Stat. § 8-14.4-101 *et seq*. *Id*. Best Buy filed its motion for summary judgment on June 20, 2024, arguing that it terminated Plaintiff for legitimate, nonretaliatory reasons unrelated to his use of paid sick leave. ECF No. 31 at 2. That same day, Plaintiff filed a motion for judgment as a matter of law, which was superseded by his motion for summary judgment. ECF Nos. 33, 35. The Court referred these motions to Magistrate Judge Dominguez Braswell for initial determination. ECF Nos. 32, 34, 36.

### D. Magistrate Judge Recommendation

Magistrate Judge Dominguez Braswell determined that Best Buy is entitled to summary judgment on Plaintiff's HFWA and PHEW claims. ECF No. 48 at 8–12. On the HFWA claim, Magistrate Judge Dominguez Braswell determined that the record does not support Plaintiff's claim that Best Buy counted paid sick leave as an absence. She explained that "there is no evidence that Plaintiff was actually on paid sick leave December 20–22, 2021. To the contrary, the undisputed evidence shows Plaintiff was

5

cleared to return to work on December 18, 2021, and agreed to return to work on December 20, 2021." *Id.* at 10. She next determined that no evidence exists to suggest that Best Buy terminated Plaintiff because he took COVID-19 sick leave between December 8 and 19, 2021. *Id.* ("It was Plaintiff himself who determined he could return to work on December 20, 2021, and when Plaintiff did not return to work, and did not communicate his reasons for failing to report to work, Defendant terminated him pursuant to the attendance policy, not because of the prior COVID-19 leave." (citations to record evidence omitted)).

Turning to Plaintiff's PHEW claim, Magistrate Judge Dominguez Braswell determined that Plaintiff did not engage in activity protected by PHEW. ECF No. 48 at 12. She explained that Plaintiff does not allege, nor does the record show, that Plaintiff raised a concern about, or opposed any alleged violations of, health or safety rules during his employment with Defendant. *Id.* She even found that Plaintiff agreed that Best Buy followed its sick leave policy and did not force Plaintiff to return to work before he was ready. *Id.*

For these reasons, Magistrate Judge Dominguez Braswell recommends granting Best Buy's motion for summary judgment on both of Plaintiff's claims.

6

### III.   LEGAL STANDARD

#### A.  Federal Rule of Civil Procedure 56

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (internal quotations and citation omitted); Fed. R. Civ. P. 56. The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

#### B.  Federal Rule of Civil Procedure 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—

7

14

factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting

its review, "[t]he district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."

Fed. R. Civ. P. 72(b)(3).

## C. *Pro Se* Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The

*Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The

court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d

925, 927 n.1 (10th Cir. 2008).

## IV.    ANALYSIS

Plaintiff presents three general objections to the Recommendation's factual

findings. He argues that Magistrate Judge Dominguez Braswell erred in determining that

(1) he needed to return to work 10 days after he administered the positive COVID-19 test,

not 14 days; (2) he was scheduled to work December 20, 21, and 22, 2021; and (3) his

text messages with his supervisor, Anthony Rugg, was the cause of his termination. ECF

No. 49 at 1–6. Upon de novo review of the facts presented on summary judgment, the

Court finds that Plaintiff's objections do not warrant modification or rejection of the

Recommendation.

Frist, Plaintiff disputes the date that Best Buy required him to return to work. He

argues that he had 14 days of sick leave starting December 8, 2021, not 10 days. ECF

8

15

No. 49 at 2. He argues that the "evidence shows Plaintiff was not on a work schedule starting from November 29, 2021, through the Christmas holiday 12/25/2021. Therefore, if not on a schedule Plaintiff could not and should not have been terminated for a no call no show." ECF No. 49 at 2. The Court is not persuaded. The evidence shows that Best Buy employees who tested positive for COVID-19 were not required to return to work until at least 10 days after their symptoms first appeared and until they were symptom-free for 24 hours. ECF No. 31-18, ¶ 9. Moreover, the evidence clearly shows that Plaintiff was not on paid sick leave from December 20–22, 2021. Rather, Plaintiff agreed to return to work on December 20, 2021, and the work schedule reflected that he was assigned to work those days. ECF Nos. 31-10, 31-11, 37-6, 31-10, 31-18. The Court overrules Plaintiff's first objection.

Second, Plaintiff again argues that he was not scheduled to work on the days in question—December 20–22, 2021. ECF No. 49 at 2–5. But the undisputed evidence shows otherwise. ECF No. 31-11 (December 2021 work schedule); ECF No. 31-19 (Decl. from Human Resources Business Partner). There simply is no evidence that he was on approved sick leave or PTO during this three-day period.[4] The Court overrules Plaintiff's second objection.

---

[4] On December 15, 2021, Mr. Rugg asked Plaintiff when he could return to work, based on his test results. ECF No. 31-10 at 3. Plaintiff responded, "Im cleared this coming Monday sir. . . . I look forward to coming back too work thank you sir." *Id.* at 3–4 (text messages copied verbatim from ECF No. 31-10). Then, on December 21, 2021, Mr. Rugg wrote, "Good morning Corey, trying to get an idea of when you will be coming back? You told me you were cleared yesterday so I expected you. Are you planning on being here this week at all?" *Id.* at 4. Plaintiff responded, "Sir would Wednesday/tomorrow I'll be there." *Id.* Mr. Rugg responded, "sounds good." *Id.* On December 22, 2021, at 2:11 p.m., Mr. Rugg wrote, "Hey Corey? Thought you were coming in today?" *Id.* at 5. Plaintiff responded, "I'm changing and coming in now sir[.] I'm back in springs. That was my intent at 7am. Sorry about not keeping you updated but I was so mad. my dad showed me a warrant for myself. For that speeding ticket in stirling furious, just to drive back cause I'm not sitting in jail. And been on the phone with a part time office clerk, waiting on the judge all day." *Id.* Mr. Rugg

9

Third, Plaintiff argues that Magistrate Judge Dominguez Braswell erred in determining that Plaintiff was terminated for cause. ECF No. 49 at 5–6. He apparently contends that the text message exchange with his supervisor, Mr. Rugg, in which he stated that he was cleared to return to work, and that he would report to work on three consecutive days, is not relevant to his termination. *See id.* He instead disputes whether he texted Kirstie Chavez on December 17, 2021. *Id.* The Court agrees with Best Buy that Plaintiff's text messages with his supervisor are relevant and speak for themselves. *See* ECF No. 31-10. The Court also fails to see how a text exchange with another Best Buy employee is relevant to whether Best Buy terminated Plaintiff for cause—especially when the facts show that Plaintiff was absent three days in a row and never told anyone at Best Buy that he was absent due to illness or COVID-19. Like the previous two objections, the Court overrules this one was well.

## V.    CONCLUSION

Consistent with the above analysis, the Court makes the following rulings:

(1)    Plaintiff's objection, ECF No. 49, is OVERRULED;

(2)    The Court AFFIRMS and ADOPTS Magistrate Judge Dominguez Braswell's Recommendation, ECF No. 48, as an order of this Court;

(3)    Defendant's motion for summary judgment, ECF No. 31, is GRANTED;

(4)    Plaintiff's motion for summary judgment, ECF No. 35, is DENIED as MOOT;

---

responded, "Cory. Don't worry about coming in today. I needed you this morning." *Id.* At no point did Plaintiff mention that he was on leave. Had he believed he was on leave, presumably he would have said so. The Court agrees with Magistrate Judge Dominguez Braswell that, "[a]t best, the record reflects a disconnect between Plaintiff and Defendant as to whether Plaintiff was ready to return to work, but such confusion does not give rise to a claim of retaliation." ECF No. 49 at 11.

10

(5)   Plaintiff's motion for judgment as a matter of law, ECF No. 33, is DENIED as MOOT;

(6)   Defendant's unopposed motion for continuance of final pretrial conference, ECF No. 50, is DENIED as MOOT;

(7)   Plaintiff's case is dismissed; and

(8)   The Clerk of Court is directed to close this case.

DATED this 28th day of March 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

11

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  23-cv-01574-CNS-MDB

COREY CURTIS FORBES,

      Plaintiff,

v.

BEST BUY CO., INC.,

      Defendant.

---

## FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the ORDER of United States District Judge Charlotte N. Sweeney issued on March 28, 2025, [ECF No. 52] it is

ORDERED that the Recommendation of United States Magistrate Maritza Dominguez Braswell [ECF No. 48] is AFFIRMED and ADOPTED.  It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment [ECF No. 31] is GRANTED.  It is

FURTHER ORDERED that all claims are DISMISSED.  It is

FURTHER ORDERED that the case is closed.

Dated at Denver, Colorado this 28th day of March, 2025.


                              FOR THE COURT:
                              JEFFREY P. COLWELL, CLERK


                        By:  s/  J. Dynes
                              _____

                              J. Dynes,
                              Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01574-CNS-MDB

COREY CURTIS FORBES,

     Plaintiff,

v.

BEST BUY CO., INC.,

     Defendant.

                                 Attorneys for Defendant:
                                 Marielle A. Moore
                                 OGLETREE, DEAKINS, NASH, SMOAK &
                                 STEWART, P.C.
                                 200 South Colorado Boulevard
                                 Tower Three, Suite 900
                                 Denver, CO 80222
                                 Telephone: 303.764.6800
                                 Facsimile: 303.831.9246
                                 Marielle.moore@ogletree.com

---

### NOTICE OF APPEAL FROM FINAL JUDGMENT

---

     Plaintiff, Corey Curtis Forbes appeal to the United States Court of Appeals for the Tenth

Circuit from the final judgment entered on March 28 2025.

Dated 26 April 2025

                       *Corey Forbes*
                       Signature

                       *Corey C Forbes*
                       Printed Name

                       *6205 Laurel Grass Range Trail*
                       Street Address

                       *Colorado Springs  CO. 80925*

              719-201-0325